| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 614 | **DATE** | September 12, 2011 |
| **CASE TITLE** | STADHEIM & GREAR, LTD v. PREMIER NETWORKS, INC., et al. | | |

**DOCKET ENTRY TEXT:**

Counter Defendant's motion to dismiss counterclaim [18] is granted.

## STATEMENT

Counter Defendant Stadheim & Grear, Ltd. now moves to dismiss the counterclaim filed against it by counter Plaintiff Premier Networks, Inc. ("PNI"). For the following reasons, PNI's counterclaim is dismissed.

**I. FACT STATEMENT**

On May 29, 2003, this court granted summary judgment against PNI in litigation over an alleged patent infringement. PNI appealed this decision, but the Federal Circuit affirmed on March 22, 2004.

PNI first filed an action for legal malpractice against the Firm in state court on May 27, 2005. The Firm filed a counterclaim for unpaid expenses. PNI voluntarily dismissed that case acknowledging that the state court lacked subject matter jurisdiction.

It was only on July 15, 2010 that PNI filed an action against the Firm in federal court. On December 13, 2010, Judge Bucklo dismissed PNI's complaint with prejudice because PNI's claims were time barred by the two-year statute of limitation. The Firm then, on January 27, 2011, filed a single count complaint for breach of contract against PNI and its principals for unpaid expenses incurred by the Firm in pursuing the underlying patent action infringement litigation on PNI's behalf. In response, PNI filed its Answer and the counterclaim which is the subject of this motion.

The gravamen of PNI's counterclaim alleges that summary judgment was entered against it because the Firm "simply failed to present to the trial court evidence" of the alleged infringement.

**II. DISCUSSION**

The Firm seeks dismissal on two grounds: (1) untimeliness pursuant to 735 ILCS 5/13-214.3( c) (2007), and (2) pursuant to Fed. R. Civ. P. 12(b)(6). Sections 5/13-214.3 (b) and (c) provide:

      (b) An action for damages based on tort, contract or otherwise against an attorney arising out of an act or omission . . . must be commenced within two years [].
      (c) An action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

Because I find that this claim is time barred, I do not reach the Firm's 12(b)(6) arguments.

### A. PNI's Counterclaim is Time Barred

Section 5/13-214.3 of the Illinois Code of Civil Procedure provides that any claim against an attorney for legal malpractice or professional negligence must be commenced within two years from when the cause of action accrues, and no later than six years from the date of the negligent act or omission. Here, PNI failed to file its claim against the Firm in federal court until July 15, 2010, more than seven years after the alleged acts and/or omissions giving rise to the claim occurred.

PNI alleges that the Firm's filing of its Complaint for unpaid expenses on January 27, 2011 gave PNI the right to file its malpractice claim as a counterclaim pursuant to Illinois' "saving" provision, 735 ILCS 5/13-207. This provision provides in pertinent part:

> Counterclaim or set-off. A defendant may plead a set-off or counterclaim barred by the statute of limitation, while held and owned by him or her, to any action, the cause of which was owned by the plaintiff or person under whom he or she claims, before such set-off or counterclaim was so barred, and not otherwise.

In other words, "a defendant in a lawsuit may bring a counterclaim after the period authorized in the applicable statute of limitations has elapsed, so long as the plaintiff's claim arose before the cause of action brought as a counterclaim was barred." *Bethlehem Steel Corp. v. Chicago Eastern Corp.*, 836 F.2d 508, 511 (7 th Cir. 1988). This saving provision applies explicitly to the statute of limitations, but does not address repose.

Though PNI argues that Illinois does not recognize a statute of repose for legal malpractice, the recent case of *Snyder v. Heidelberger* __ Ill.2d __, __ N.E.2d __, 2011 WL 2410390 (June 16, 2011) counsels otherwise. (recognizing that Section 13-214.3 sets forth both a limitations and a repose period applicable to actions for legal malpractice.). Specifically, PNI relies on *Bethlehem Steel Corp.*, 863 F.2d 508 (7th Cir. 1988) for the proposition that the Illinois legislature did not intend to exempt § 13-214.3( c) from the application of the 'saving' provision of § 13-207. In *Bethlehem Steel Corp.*, the Seventh Circuit allowed the defendant's time-barred counterclaim over the plaintiff's motion to dismiss. There, the court failed to find a conflict between the statute of limitations provision (§ 2-725) stating that an action "must be commenced within four years after the cause of action accrued," and the saving provision of § 13-207. Though PNI argues that the language of this statute is "very similar" to the statute of repose in the legal malpractice statute, PNI fails to acknowledge the additional language found in § 5/13-214.3(c) which expressly limits the filing of a lawsuit "in any event" more than six years after the date the act occurred. The Illinois Supreme Court has specifically construed § 5/13-214.3(c) as a statute of repose. Moreover, Illinois courts have found that statutes of repose trump saving provisions limited to a statute of limitations. *Johnson v. Core-Vent Corp.*, 636 N.E.2d 726, 728 (Ill. App. Ct. 1993) (statute of repose for medical malpractice trumps saving provisions). Though courts do recognize an exception for misrepresentation or concealment, no such allegations are made here. *Id.*; *DeLuca v. Burciaga*, 857 N.E.2d 229, 247 (Ill. 2006) (statute of repose tolled for minors where defendant attorney fraudulently concealed his wrongful conduct). Moreover, according to PNI's counterclaim, copies of the contested summary judgment motion were provided to the President of PNI prior to being filed.

| STATEMENT |
|---|

**III. CONCLUSION**
    For the foregoing reasons, the Firm's motion to dismiss is granted.